# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                  CR No. 16-2011 WJ

TRISTIN ROBERT BEGAY,

## MEMORANDUM OPINION AND ORDER DENYING AS MOOT GOVERNMENT'S MOTION IN LIMINE TO PERMIT THE VICTIM'S PRESENCE IN THE COURTROOM

THIS MATTER comes before the Court following a hearing on the Government's Motion in Limine to Permit the Victim's Presence in the Courtroom, filed May 7, 2018 **(Doc. 86)**. Having reviewed the parties' briefs and applicable law, the Court orders that the motion be denied as moot.

Defendant is charged in a two-count indictment with sexual abuse and aggravated sexual abuse of his then seventeen-year-old second cousin, Jane Doe, which occurred on May 29, 2014 at Defendant's residence in his bedroom, in violation of 18 U.S.C. §§ 1153, 2242(2)(B) and 2246(2)(C), and one count of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153, 2241(a)(1), and 2246(2)(A). The Government plans to call the victim, Jane Doe, in the early to mid-portion of its case-in-chief and will also specify that Jane Doe may be subject to recall in its rebuttal case. Rule 615 of the Federal Rules of Evidence directs the court to exclude witnesses from the courtroom once the rule is invoked by a party "so that they cannot hear the testimony of other witnesses." An exception to this rule is a person who is "authorized by statute to be present." The Crime Victims' Rights Act is such a statute. Under 18 U.S.C. § 3771(a)(3), a

victim has:

> The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

18 U.S.C. § 3771(a)(3). The Federal Rules of Criminal Procedure also contains a Victim's Rights rule, stating the following:

> The court must not exclude a victim from a public court proceeding involving the crime, unless the court determines by clear and convincing evidence that the victim's testimony would be materially altered if the victim heard other testimony at that proceeding. In determining whether to exclude a victim, the court must make every effort to permit the fullest attendance possible by the victim and must consider reasonable alternatives to exclusion. The reasons for any exclusion must be clearly stated on the record.

Fed.R.Crim.P. 60(a)(2). The general directive under §3771, and Rule 60 is that the victim may be present *unless* it is determined that specific reasons exist otherwise. *See United States v. Jim*, No. 10-CR-2653-JB, 2012 WL 119599, at *3 (D.N.M. January 8, 2012) (unpublished) ("[T]he default rule under this statute is that a crime victim may be present in the courtroom to hear other witnesses testify."). The Government contends that Jane Doe is a "victim" as defined under §3771(e) ("a person directly and proximately harmed as a result of the commission of a Federal offense") and thus should be afforded the rights under that statute. Jane Doe also wishes to be present in the courtroom throughout the trial proceedings, both before and after her testimony during the Government's case-in-chief.

Defendant opposes Jane Doe's presence in the courtroom because her testimony would be materially altered if she heard other testimony at that proceeding, based on inconsistent and contradictory statements made during five interviews with Navajo officials and medical professionals. The Court granted Defendant's unopposed motion to communicate *ex parte* with the Court in order to describe in more detail these inconsistencies. Prior to the hearing, the Court

reviewed this *ex parte* communication, and found a sufficient basis for concern to consider exclusion of the victim under §3771 and Rule 60, but intended to explore reasonable alternatives to exclusion at the hearing.

At the hearing, although it was not privy to the *ex parte* communication, the Government acknowledged the existence of some inconsistencies in Jane Doe's statements and opposed exclusion in general. The parties both suggested that Jane Doe be present at the start of witness testimony as the first witness, with the Government noting that any inconsistencies in her statements on rebuttal would be subject to cross-examination by defense counsel. The Court approves of this approach which will allow Jane Doe to be present during trial and at the same time minimize any likelihood that her testimony would be altered by hearing other testimony.

Assuming Jane Doe is the Government's first witness, she can be present when evidence is presented beginning Tuesday morning, May 22, 2018 but Jane Doe should not be present for jury selection Monday afternoon, May 21, 2018. For these reasons, the Government's motion is denied as moot.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE