IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      CR No. 16-2011 WJ

TRISTIN ROBERT BEGAY,

    Defendant.

## ORDER GRANTING DEFENDANT'S SEALED OPPOSED MOTION FOR ADMISSION OF RULE 412 EVIDENCE AND GRANTING GOVERNMENT'S SEALED MOTION IN LIMINE TO EXCLUDE EVIDENCE OF VICTIM'S SEXUAL BEHAVIOR AND PREDISPOSITIONS

THIS MATTER comes before the Court following a hearing on the Defendant's Sealed Opposed Motion for Admission of Rule 412 Evidence **(Doc. 71)** and the United States' Sealed Motion In Limine to Exclude Evidence of the Victim's Sexual Behavior and Predispositions **(Doc. 84)**. A sealed hearing on this matter took place on May 18, 2018, at which time the Court heard the parties' arguments, as required under Fed. R. Evid. 412(c)(2). Having reviewed the parties' pleadings and the applicable law, the Court finds that the Defendant's Motion for Admission of Rule 412 Evidence **(Doc. 71)** is well-taken, and is **GRANTED**. The Court also finds that the Government's Motion In Limine to Exclude Evidence of Victim's Sexual Behavior and Predispositions **(Doc. 84)** is well-taken, and is **GRANTED**.

## DISCUSSION

Defendant is charged in a two-count indictment with sexual abuse and aggravated sexual abuse of his then seventeen-year-old second cousin, Jane Doe, which occurred on May 29, 2014

1

at Defendant's residence in his bedroom, in violation of 18 U.S.C. §§ 1153, 2242(2)(B) and 2246(2)(C), and one count of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153, 2241(a)(1), and 2246(2)(A).

I.    **Government's Motion In Limine to Exclude Evidence Under Rule 412(a)**

In its motion, the Government asks the Court to prohibit the defense from seeking to present or elicit from any witness evidence of the complaining witness's sexual behavior or predisposition regarding third parties, as prohibited under Federal Rule of Evidence 412(a). The express policy aim of the rule is to "safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact finding process." Fed. R. Evid. 412 advisory committee note to 1994 amendment. At the hearing, defense counsel represented that she intends to abide by the restraints imposed by Rule 412(a) and that she would not purposefully elicit testimony that runs afoul of the rule. Thus, the parties agree that Rule 412(a) prohibits the admission of evidence of the victim's sexual behavior with or predisposition towards third parties, and the Court grants the Government's motion on this issue.

II.   **Defense's Motion for Admission of Evidence Under Rule 412(b)**

In his motion, the Defendant seeks admission of evidence of specific instances of sexual behavior or encounters between him and the complaining witness, which he offers to prove consent under the exception described in Rule 412(b)(1)(B). The Government agrees that Defendant may present evidence under this exception, but objects on grounds that the defense has not provided evidence of the specific instances at issue.

This exception "require[s] proof in the form of specific instances of sexual behavior in recognition of the limited probative value and dubious reliability of evidence of reputation or

evidence in the form of an opinion." Fed. R. Evid. 412 advisory committee note to 1994 amendment. There is not strong guidance about what constitutes "specific instances" under Rule 412, but a case out of the Sixth Circuit (*United States v. Anderson*, 467 Fed. Appx. 474 (6th Cir. 2012), summarized this issue:

> Although the language of Rule 412(b)(1)(B) is unqualified, it is well accepted that the admissibility of prior sexual acts between the accused and the alleged victim in order to prove consent is not absolute. A court can consider temporal factors, such as the length of time between the previous sexual act and the alleged offense, to determine whether such evidence is admissible. *See United States v. Saunders*, 736 F. Supp. 698, 702–03 (E.D. Va. 1990) (finding sexual history between victim and defendant that preceded alleged rape by three years admissible although it was a 'manifestly close question'); *cf. United States v. Pablo*, 625 F.3d 1285, 1302 (10th Cir. 2010) (evidence that victim made sexual advances towards co-defendant the same night of the alleged rape not probative of consent because it 'occurred some time before the alleged rape and in a different location from where the alleged rape occurred').

467 Fed. Appx. at 477–78 (ruling specific instances over prior 10-year consensual relationship were admissible).

At the hearing, defense counsel proffered that she intends to put on evidence of numerous specific instances of consensual sexual encounters between Defendant and complainant that span a two-year period, including dates, times, and locations. Defense counsel specifically asserts that she has a good-faith basis for the evidence she intends to present, and for the cross-examination she intends to conduct on the complaining witness about these specific instances. The Court relies on defense counsel's representation that, as an officer of the Court, she has a good-faith basis for presenting this evidence. The Court grants Defendant's Motion without prejudice to the Government raising the issue during testimony at trial if the attorney for the Government thinks the specific testimony is not within the exception.

Finally, the parties agree that Defendant may cross-examine the complainant on evidence

that falls under the Rule 412(b)(1)(B) consent exception. While the Government expressed concern about harassment to the complaining witness on cross examination, the Court retains its authority to "impose reasonable limits on defense counsel's inquiry into the potential bias of a prosecution witness, to take account of such factors as harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that [would be] repetitive or only marginally relevant, . . . ." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). The Government can thus still make the traditional legal objections to cross examination, which the Court will entertain as they arise. This aligns with the requirements of the Confrontation Clause, as well as Defendant's right to present witnesses under the Compulsory Process clause. *See Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir. 1997) (explaining the constitutional framework surrounding Rule 412).

Finally, the Court heard argument on the proffered testimony of Olsin Charleston regarding the hearsay objection by the Government and the exceptions argued by defense counsel. The Court reserves ruling on this issue pending the defendant's decision whether or not to testify, which could have some bearing on a hearsay ruling.

## CONCLUSION

For these reasons, the Defendant's Motion for Admission of Rule 412 Evidence **(Doc. 71)** is **GRANTED**, and the Government's Motion In Limine to Exclude Evidence of Victim's Sexual Behavior and Predispositions **(Doc. 84)** is **GRANTED**.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE